350 Cabrini Owners Corp. v Merkel (2020 NY Slip Op 51396(U))

[*1]

350 Cabrini Owners Corp. v Merkel

2020 NY Slip Op 51396(U) [69 Misc 3d 145(A)]

Decided on November 20, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570147/20

350 Cabrini Owners Corp.,
Petitioner-Landlord-Appellant, 
against
Judd Merkel and Catherine Somple,
Respondents-Tenants-Respondents.

Landlord, as limited by its brief, appeals from those portions of an order of the Civil Court of
the City of New York, New York County (Clifton A. Nembhard, J.), dated April 5, 2019, which
granted tenants' motion for discovery and denied landlord's cross motion to dismiss tenants' first
through fifth affirmative defenses, first and third counterclaims and for summary judgment on the
petition in a holdover summary proceeding.

Per Curiam.
Order (Clifton A. Nembhard, J.), dated April 5, 2019, modified to the extent of dismissing
tenants' second, third and fourth affirmative defenses; as modified, order affirmed, with $10
costs.
Landlord commenced this holdover proceeding alleging that tenants breached their
proprietary lease by failing to complete alterations to their apartment in accordance with the
terms of the parties' alteration agreement. Insofar as relevant, the alteration agreement required
tenants to install a fire-rated door in the masonry fire wall that separated the bedroom of tenants'
juvenile daughter from the rest of the premises. Tenants interposed an answer alleging, inter alia,
that the parties entered into the alteration agreement based upon a mutual mistake that a fire-rated
door was legally required inside of the apartment premises. According to tenants, such a door is
not legally required and, if installed, would require a second means of egress from the
bedroom.
We agree with so much of Civil Court's order that denied landlord's motion for summary
judgment of possession and to dismiss tenants' first (mutual mistake) and fifth (breach of lease)
affirmative defenses. The record, including the affidavit of tenants' architect and the Department
of Buildings Construction Code Determination Form, both of which indicate that a fire-rated
door is not required on an interior bedroom door within a dwelling unit, raises triable issues of
fact as to whether, at the time the alteration agreement was entered into, the parties operated
under the mistaken belief that a self-closing, fire-rated door was legally required (see 115-117
Nassau St., LLC v Nassau Beekman, LLC, 168 AD3d 493 [2019]).
However, landlord's motion to dismiss should have been granted with respect to tenants'
[*2]second, third and fourth affirmative defenses. The second
affirmative defense (fraud in the inducement), should have been dismissed. Tenants' claim that
landlord "knew or should have known that the representations made to [tenants] concerning the
need for a fire rated door in the premises were untrue," is conclusory and unsupported by any
factual details, and thus insufficient to state a claim for fraud with the required particularity
(see CPLR 3016[b]).
Tenants' third affirmative defense, which alleges that the petition fails to state that a Notice
to Cure was served, should have been dismissed. The petition incorporated by reference the
Notice of Termination, which itself incorporated the Notice to Cure, and both were attached to
the petition.
Tenants' fourth affirmative defense alleging a lack of authority should have also been
dismissed. The predicate notices were signed by the president of the cooperative corporation, and
landlord's property manager submitted an affidavit stating that the cooperative's board of
directors had previously determined that tenants were in default of the alteration agreement and
the lease. In opposition, tenants offered no evidence demonstrating that, in these circumstances,
the president of the board acted outside the scope of his authority.
We have examined landlord's remaining contention and find it to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 20, 2020